**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

| | | |
|---|---|---|
| **RITA ACOSTA** | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **Civil Action No.** __2:15-cv-62_____ |
| | § | |
| **SAFECO INSURANCE COMPANY OF** | § | |
| **INDIANA** | § | |
| **Defendant** | § | |

---

## INDEX OF MATTERS BEING FILED

---

1.   Safeco Insurance Company of Indiana's Notice of Removal

2.   Exhibit A:   Copies of all process, pleadings, orders and the docket sheet on file in the state court lawsuit.

3.   Exhibit B:   A list of counsel of record.

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| RITA ACOSTA | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | Civil Action No. __2:15-cv-62__ |
| | § | |
| SAFECO INSURANCE COMPANY OF | § | |
| INDIANA | § | |
| Defendant | § | |

## SAFECO INSURANCE COMPANY OF INDIANA'S NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Safeco Insurance Company of Indiana ("Safeco") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

### *Procedural Background*

1.      On May 18, 2015, Plaintiff Rita Acosta ("Plaintiff") filed her Original Petition ("Original Petition") styled Cause No. 15-05-31304-MCV; *Rita Acosta v. Safeco Insurance Company of Indiana*; In the 293rd Judicial District Court, Maverick County, Texas. Safeco was served with citation on June 22, 2015.

### *Nature of the Suit*

2.      This lawsuit involves a dispute over Safeco's handling of Plaintiff's insurance claims for damages from a wind/hail storm allegedly sustained by her residential property:  2226 Willow Ridge #10, Eagle Pass, Texas 78852.  Plaintiff claims Safeco breached the insurance contract and the duty of good faith and fair dealing, committed fraud, and violated the Texas Insurance Code.  Plaintiff seeks actual damages, treble damages, statutory penalties, punitive and

exemplary damages, mental anguish damages, court costs, pre- and post-judgment interest and attorney's fees.

### *Basis for Removal*

3.     Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.     There is complete diversity of citizenship between the parties. At the time Plaintiff filed her Original Petition on May 18, 2015 and as of the date of filing this Notice, Safeco is a company organized under the laws of the State of Indiana and its principal place of business is 175 Berkeley Street, Boston, Massachusetts. Accordingly, at the time of filing of this suit, and through the filing of this Notice, Safeco was and is considered an out-of-state citizen for diversity jurisdiction purposes.

5.     Upon information and belief, Plaintiff was a citizen of Texas when she filed her Original Petition, and continues to be a citizen of Texas. (*See* Plaintiff's Original Petition, ¶ 2.)

6.     Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff pleads in her Original Petition that she is seeking monetary relief between $200,000 and $1,000,000. (*See* Plaintiff's Original Petition, ¶ 48.)

7.     In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, ... penalties, statutory damages, and punitive damages."[1] Here,

---

[1] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. Liberty Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after

Plaintiff claims that a wind/hail storm caused damages to her property that Plaintiff insured through Safeco.[2]   Plaintiff seeks unspecified damages for Safeco's refusal to fully compensate Plaintiff under the terms of her insurance contract, Policy Number OY7158440.[3]   Policy Number OY7158440 is a Texas Homeowner's Policy with coverage limits of $305,000 for the dwelling, $229,400 for personal property, and $61,000 for additional living expense and loss of rent.

8.      Further, Plaintiff seeks actual and exemplary damages, statutory penalties and mental anguish damages for her claims of fraud and violations of the duty of good faith and fair dealing and the Texas Insurance Code.[4]   Further, Plaintiff seeks treble damages under the Texas Insurance Code based on allegations Safeco acted "knowingly."[5]   Plaintiff also seeks attorney fees.[6]   Thus, given Plaintiff's statement of the monetary relief she is seeking in this suit in her petition, the Policy involved in Plaintiff's claim, the nature of Plaintiff's claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

9.      Additionally, Plaintiff sent Safeco a demand letter dated September 12, 2014 demanding $124,291.77 to settle the suit.   Accordingly, Plaintiff herself believes that at least $124,291.77 is at issue in this suit.   Courts consider plaintiffs' demand letters in ascertaining the amount in controversy.[7]

---

considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

[2] Plaintiff's Original Petition, ¶ 5-10.
[3] Plaintiff's Original Petition, ¶ 23-24.
[4] *See* Plaintiff's Original Petition, ¶ 40-43.
[5] *Id.* at ¶ 40.
[6] *Id.* at ¶ 39-43.
[7] *See, e.g., Addo v. Globe Life & Acc. Ins. Co.,* 230 F.3d 759, 761–62 (5th Cir.2000) (holding demand letter constituted an "other paper" for ascertaining amount in controversy).

*The Removal is Procedurally Correct*

10.     Safeco was first served with the Original Petition on June 22, 2015. Therefore, Safeco filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

11.     Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

12.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

13.     Pursuant to 28 U.S.C. §1446(d), promptly after Safeco files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiff, the adverse party.

14.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk of Maverick County, Texas, promptly after Safeco files this Notice.

WHEREFORE, SAFECO INSURANCE COMPANY OF INDIANA requests that this action be removed from the 293rd Judicial District Court of Maverick County, Texas to the United States District Court for the Western District of Texas, Del Rio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,


_____

David R. Stephens
Attorney in Charge
State Bar No. 19146100
Southern District No. 21360
Lindow Stephens Treat LLP
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas  78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lstlaw.com

Of Counsel:

Jana Richard
State Bar No. 24040752
Southern District Bar No. 1128806
Lindow Stephens Treat LLP
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Telecopier: (210) 227-4602
jrichard@lstlaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, Del Rio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this 30th day of **June 2015**, addressed to those who do not receive notice from the Clerk of the Court.

Larry W. Lawrence, Jr.                Dan Cartwright
Michael Lawrence                      Lory Sopchak
Lawrence Law Firm                     Cartwright Law Firm, LLP
3112 Windsor Road, Suite A234         1300 Post Oak Blvd, Suite 760
Austin, Texas 78703                   Houston, Texas 77056


_____
David R. Stephens / Jana Richard

# EXHIBIT A

Court Center Docket Review. Case History Header.                    Page 1 of 1

Case 2:15-cv-00062-AM-CW   Document 1   Filed 06/30/15   Page 9 of 27



Check out our new affordable subscription plans at
iDocket.com

View Case Track™ ———————— ———————— Start Case Track™

Civil Docket; Case 15-05-31304-MCV 1083; Civil
RITA ACOSTA vs. SAFECO INSURANCE COMPANY OF INDIANA
Filed 05/18/2015 - Disposition:
293rd District Court, District Clerk, Maverick County, Texas

Help

| Date | Description/Comments | Reference | Typ | Amount |
|------|---------------------|-----------|-----|--------|
| 05/18/2015 |  |  | TXT |  |
| 05/18/2015 | PLAINTIFF ORIGINAL PETITION |  | " |  |
| 06/15/2015 | CITATION |  | " |  |
| 06/16/2015 | NOTICE OF HEARING |  | " |  |

© 1999 Solutions, Inc. All rights reserved.                    User ID: mldsdt
Unauthorized access is prohibited. Usage will be monitored.    Viewed as of: June 26, 2015, time: 13:49:08
Agreements



**CORPORATION SERVICE COMPANY**

**RCS / ALL**
**Transmittal Number: 13933813**
**Date Processed: 06/23/2015**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Arlene Smith<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02117 |

| | |
|---|---|
| **Entity:** | Safeco Insurance Company Of Indiana<br>Entity ID Number  2780991 |
| **Entity Served:** | Safeco Insurance Company of Indiana |
| **Title of Action:** | Rita Acosta vs. Safeco Insurance Company of Indiana |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Maverick County District Court, Texas |
| **Case/Reference No:** | 15-05-31304-MCV |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 06/22/2015 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Larry W. Lawrence, Jr.<br>956-994-0057 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

CITATION BY MAILING

THE STATE OF TEXAS

SAFECO INSURANCE COMPANY OF INDIANA / By Serving:  Corporation Service
Company / 211 East 7th St., Ste.  620 / Austin, Tx 78701-3218

Defendant, in the hereinafter styled and numbered cause:
NOTICE
        You have been sued.  You may employ an attorney.  If you or your
attorney do not file a written answer with the clerk who issued this
citation by 10:00 a.m.  on the Monday next following the expiration or
twenty days after you were served this citation and petition, default
judgment may be taken against you.
        YOU ARE HEREBY COMMANDED to appear before the 293rd Judicial
District Court of the City of Eagle Pass, Texas, County of Maverick,
Texas, by filing a written answer to the Petition of Plaintiff at or
before 10:00 a.m of the Monday next after the expiration of 20 days
after the date of service hereof, a copy of which accompanies the
Citation, in Cause Number 15-05-31304-MCV styled RITA ACOSTA vs.
SAFECO INSURANCE COMPANY OF INDIANA filed in said Court on 05/18/15.
Plaintiff is represented by MICHAEL LAWRENCE who's address is 3112
WINDSOR RD.   SUITE A234 / AUSTIN, TX.   78703  .   ISSUED AND GIVEN
UNDER MY HAND AND SEAL of said court at this office on this the 15th
day of June, 2015

                        IRENE RODRIGUEZ
                        District Clerk,Maverick County, Texas
                        500 Quarry St.  Ste 5
                        Eagle Pass, Tx.  78852

                        By:_____
                        Deputy
                  OFFICER'S RETURN BY MAILING
        Came to hand the _____ day of _____ 20___, and executed by
mailing to the Defendant certified mail, return receipt requested to
wit restricted delivery a true and correct copy of this citation
together with an attached copy of Plaintiff's Petition to the
following address:

_____      _____
Defendant                               Address
Service upon the Defendant is evidenced by the return receipt
incorporated herein and attached hereto, signed by _____
and dated _____.
*Citation was not served despite the following use of diligence to
execute service by the officer or person authorized to execute this
citation:  _____
_____.
Citation was not executed because _____.
Defendant may be found at: _____.
To certify which witness my hand officially.  :

_____ County, Texas
By:_____ Deputy Fee for Serving Citation
$ _____

CAUSE NO. 15-05-31304-mcv

| | | |
|---|---|---|
| RITA ACOSTA | § | |
| | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| VS. | § | 293rd   JUDICIAL DISTRICT |
| | § | |
| SAFECO INSURANCE COMPANY | § | |
| OF INDIANA | § | |
| *Defendant* | § | MAVERICK COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **RITA ACOSTA,** complaining of **SAFECO INSURNACE COMPANY OF INDIANA,** and for cause of action would show:

### I. DISCOVERY

1. This is a level III discovery case as defined by the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff is a resident of Maverick County, Texas.

3. Defendant Safeco Insurance Company of Indiana is an Indiana Corporation engaging in the business of insurance in the State of Texas. The defendant may be served with process by serving its registered agent for the State of Texas: Corporation Service Company, 211 East 7th St., Suite 620, Austin, Texas 78701-3218.

### III. JURISDICTION & VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court. The court has jurisdiction over Defendant Safeco Insurance Company of Indiana (hereinafter "Safeco") because it is engaging in the business of insurance in the State of Texas. Venue is proper in this county because the insured property is situated in Maverick County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

FILED
AT _____ O'CLOCK ____ M

MAY 1 8 2015

LEOPOLDO VIELMA
District Clerk Maverick County, Texas
By _____  Deputy

## IV. FACTS

5. Plaintiff is the owner of the Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Safeco.

6. Plaintiff own the insured property, located at 2226 Willow Ridge #10, Eagle Pass, Texas 78852 (hereinafter referred to as "the Property").

7. Safeco sold the Policy insuring the property to Plaintiff.

8. On or about April 23, 2013, Plaintiff sustained extensive physical damage to the insured Property. During the late afternoon and evening hours of April 23, 2013, a strong supercell thunderstorm moved through the Eagle Pass, Texas area producing heavy rains, and damaging wind and hail.

9. Plaintiff submitted claims to the Defendant against the policy for damages to the Property as a result of the April 23, 2013 storm. Plaintiff requested that the Defendant cover the costs of these repairs pursuant to the policy they entered into with the Defendant.

10. The Plaintiff reported the damage to the covered Property to the Defendant Safeco. The Defendant wrongfully denied Plaintiff's claim for full repairs to the Property, even though the Policy they have with the Defendant provided coverage for losses such as the losses suffered by the Plaintiff. Additionally, the Defendant under-scoped damages during its inspections, investigations, and payment and made representation that the policy the Plaintiff has with Defendant specifically excluded some repairs.

11. As of the date of this filing, the Defendant continues to delay in the payment for the damages to the property. As a result, Plaintiff has not been paid the full value of the damages suffered to his home.

12. Defendant Safeco failed to perform its contractual duties to adequately compensate

Plaintiff under the terms of the policy. In spite of a demand for proceeds to be paid out in an amount sufficient to cover the damaged property, Defendant Safeco has categorically refused to pay the full proceeds available under the policy. Additionally, all conditions precedent to recovery upon the Policy have been carried out by the Plaintiff. Defendant Safeco's conduct constitutes a breach of the insurance contract between Plaintiff and Defendant.

13. Defendant Safeco has misrepresented to Plaintiff there was no damage to areas of the home that were damaged, and that all damage covered under the Policy has been accounted for, even though it has not been paid in full. Defendant Safeco's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

14. Defendant Safeco failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant Safeco's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

15. Defendant Safeco failed to adequately explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant Safeco failed to offer Plaintiff adequate compensation, and misrepresented its explanation for why full payment was not being made. Furthermore, Defendant Safeco did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant Safeco's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

16. Defendant Safeco's refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant Safeco failed to conduct a reasonable investigation. Specifically,

Defendant Safeco performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant Safeco's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

17. Defendant Safeco failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Safeco's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex Ins. Code §542.056.

18. Defendant Safeco failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for his claim. Defendant Safeco's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

19. Since the date Plaintiff presented his claim to Defendant Safeco, the liability of Defendant Safeco to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Safeco has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant Safeco's conduct constitutes a breach of the common law duty of good faith and fair dealing.

20. Defendant Safeco knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or some material information from Plaintiff.

21. As a result of Defendant Safeco's wrongful acts and omissions, Plaintiff was forced

to retain the professional services of the attorney and law firm who are representing him with respect to these causes of action.

## V. CAUSES OF ACTION

### Causes of Action Against Defendant Safeco

22. Defendant Safeco is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### Breach of Contract

23. Defendant Safeco's conduct constitutes a breach of the insurance contract made between Defendant Safeco and Plaintiff.

24. Defendant Safeco's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant Safeco's insurance contract with Plaintiff.

### Noncompliance with Texas Insurance Code: Unfair Settlement Practices

25. Defendant Safeco's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §5411.151.

26. Defendant Safeco's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(1).

27. Defendant Safeco's unfair settlement practice, as described above, of failing to

attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Safeco's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

28. Defendant Safeco's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

### Noncompliance With Texas Insurance Code: The Prompt Payment of Claims

29. Defendant Safeco's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

30. Defendant Safeco's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

### Breach of the Duty of Good Faith and Fair Dealing

31. Defendant Safeco's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to insured in insurance contracts.

32. Defendant Safeco's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant Safeco knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear,

constitutes a breach of the duty of good faith and fair dealing.

### Fraud

33.  Defendant Safeco is liable to Plaintiff for common law fraud.

34. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as he did, and which Defendant Safeco knew were false or made recklessly without any knowledge of their truth as a positive assertion.

35. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### Knowledge

36. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

### VI. DAMAGES

37. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

38. As previously mentioned, the damages caused by this storm have not been properly addressed or repaired in the months and now years since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendant Safeco's mishandling of Plaintiff's claim in violation of the laws set forth above.

39. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which

is the amount of his claim, together with attorney's fees.

40. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages. Tex. Ins. Code §541.152.

41. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

42. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

43. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

44. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

45. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include their past and future medical expenses, that

should have been paid pursuant to the policy, mental anguish, pain and suffering, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages. Tex. Ins. Code §541.152.

46. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

47. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

48. In accordance with Rule 47, as amended, and with the information currently available, Plaintiff seeks monetary relief between $200,000.00 (two-hundred thousand) and $1,000,000.00 (one-million) dollars.

## VII. WRITTEN DISCOVERY

### Requests for Disclosure

50. Under Texas Rule of Civil Procedure 194, plaintiff requests that defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

### Plaintiff's 1st Requests for Production to Defendant Safeco

51. Please produce a copy of your entire claims file, including memos, emails, estimates, records, a complete copy of the policy, letters, evaluations, etc.  If you make claim of privilege for any documents requested in this request for production, then pursuant to TRCP 193.3(b), consider these Plaintiff's request that you identify the information and material withheld and the specific privilege asserted by producing a privilege log of each document withheld.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on his behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they will show themselves justly entitled.

Respectfully submitted,

LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703
(956) 994-0057
(800) 507-4142 FAX

LARRY W. LAWRENCE, JR.
State Bar No. 00794145

MICHAEL LAWRENCE
State Bar. No. 24055826
Lawrencefirm@gmail.com

Cartwright Law Firm, LLP
1300 Post Oak Blvd, Suite 760
Houston, Texas 77056
(713) 840-0950
(713) 840-0046 (fax)

Mr. Dan Cartwright

State Bar No. 03942500

Ms. Lory Sopchak
State Bar No. 24076706
Lory@dcartwrightlaw.net

ATTORNEYS FOR PLAINTIFF

Electronically Filed at
8/26/2015 9:58:18 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

## CAUSE NO. 15-05-31304-MCV

| | | |
|---|---|---|
| **RITA ACOSTA,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **293RD JUDICIAL DISTRICT** |
| | § | |
| **SAFECO INSURANCE COMPANY OF** | § | |
| **INDIANA,** | § | |
| *Defendants* | § | **MAVERICK COUNTY, TEXAS** |

---

### DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA'S
### ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

---

NOW COMES Defendant Safeco Insurance Company of Indiana and files its Original Answer, and would respectfully show as follows:

### I.

Defendant generally denies each and every allegation contained in Plaintiff's Original Petition pursuant to Texas Rule of Civil Procedure 92, and demands strict proof thereof by a preponderance of the credible evidence.

### II.

Pursuant to Texas Rules of Civil Procedure, Plaintiff is requested to disclose and serve, within thirty (30) days of service of the Request, the information or material described in Rule 194.2(a) - (l). Plaintiff shall supplement all disclosures pursuant to TEX. R. CIV. P. 193.5.

### III.

WHEREFORE, PREMISES CONSIDERED, Defendant Safeco Insurance Company of Indiana respectfully prays for a judgment that Plaintiff take nothing, that Defendant recover all its costs, and that Defendant be granted all other relief, at law and in equity, to which it may be justly entitled.

Electronically Filed at
6/26/2015 9:58:18 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By: _David R. Stephens_
David R. Stephens
State Bar No. 19146100
Jana Richard
State Bar No. 24040752
700 N. St. Mary's St., Suite 1700
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lstlaw.com
jrichard@lstlaw.com

*Counsel for Defendant Safeco Insurance
Company of Indiana*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant Safeco Insurance
Company of Indiana's Original Answer was served by facsimile and/or electronic service on the
___25th___ day of **June 2015**, upon the following counsel of record:

| | |
|---|---|
| Larry W. Lawrence, Jr. | Dan Cartwright |
| Michael Lawrence | Lory Sopchak |
| Lawrence Law Firm | Cartwright Law Firm, LLP |
| 3112 Windsor Road, Suite A234 | 1300 Post Oak Blvd, Suite 760 |
| Austin, Texas 78703 | Houston, Texas 77056 |

_David R. Stephens/Jana Richard_
David R. Stephens/Jana Richard

2

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| RITA ACOSTA | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | Civil Action No. _____ |
| | § | |
| SAFECO INSURANCE COMPANY OF | § | |
| INDIANA | § | |
| Defendant | § | |

---

## LIST OF ALL COUNSEL OF RECORD

---

Party

Attorney(s)

Rita Acosta

Larry W. Lawrence, Jr.
State Bar No. 00794145
Michael Lawrence
State Bar No. 24055826
LAWRENCE LAW FIRM
3112 Windsor Road, Suite A234
Austin, Texas 78703
Telephone: (956) 994-0057
Facsimile: (800) 507-4142
Lawrencefirm@gmail.com

Dan Cartwright
State Bar No. 03942500
Lory M. Sopchak
State Bar No. 24076706
CARTWRIGHT LAW FIRM, LLP
1300 Post Oak Boulevard, Suite 760
Houston, Texas 77056
Telephone: (713) 840-0950
Facsimile: (713) 840-0046
Lory@dcartwrightlaw.net

Safeco Insurance Company of Indiana

David R. Stephens
State Bar No. 19146100
Jana Richard
State Bar No. 24040752
LINDOW ▪ STEPHENS ▪ TREAT LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas  78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lstlaw.com
jrichard@lstlaw.com